IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN ROLON GOMEZ,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

CIVIL NO. 04-1836 (RLA)

## ORDER DISMISSING THE COMPLAINT

Plaintiff instituted these proceedings under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), challenging the denial of long term disability ("LTD") benefits under the employee welfare benefit plan established by her former employer, Procter & Gamble Pharmaceutical ("Procter & Gamble") in Puerto Rico.

Defendant has moved the court to enter judgment in its favor and dismiss the complaint which plaintiff has opposed. The matter having been fully briefed by the parties the court hereby finds as follows.

### PROCEDURAL BACKGROUND

The Prudential Insurance Company of America ("Prudential"), former claims administrator of the aforementioned Plan, denied plaintiff's request for LTD benefits as well as her two administrative appeals seeking reconsideration of its initial denial.

In June 2002, defendant Metropolitan Life Insurance Company ("MetLife") substituted Prudential as the Plan's claims administrator.

**CIVIL NO. 04-1836 (RLA)**                                            **Page 2**

At that time, plaintiff's third administrative appeal was still pending.

Plaintiff instituted this action in 2004 while the third administrative appeal remained outstanding. In June 2005, plaintiff's claim was remanded by the court to MetLife in order to develop the administrative record and resolve the outstanding administrative appeal. In January 2006, MetLife upheld Prudential's denial of LTD benefits whereupon plaintiff amended the complaint to challenge MetLife's determination.

MetLife initially submitted copy of a partial administrative file under seal[1] which was subsequently supplemented by an updated claim file ("UCF") also filed under seal.[2] These two filings constitute the entire record upon which MetLife based its determination regarding plaintiff's entitlement to disability benefits and which the court will examine to decide whether or not defendant's decision should be upheld.

### SUMMARY JUDGMENT

In cases of judicial review of a plan administrator's disability determination based on the facts as developed in the administrative record "summary judgment is simply a vehicle for deciding the issue. This means the non-moving party is not entitled to the usual inferences in its favor" regardless of which standard of review

---

[1] *See*, docket No. 20.

[2] *See*, docket No. 42.

**CIVIL NO. 04-1836 (RLA)**                                                                 **Page 3**

applies. Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 517 (1st Cir. 2005) (citations omitted). Cited with approval in Buffonge v. The Prudential Ins. Co. of America, 426 F.3d 20, 28 n.10 (1st Cir. 2005).

## STANDARD OF REVIEW

ERISA does not specify the standard to be used by the courts in reviewing denial of benefits. However, the United States Supreme Court in addressing this matter has ruled that "a denial of benefits challenged under Section 502(a)(1)(B) of ERISA is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator, or fiduciary, discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 950, 103 L.Ed.2d 80, 95 (1989); Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 122 S.Ct. 2151, 2170, 153 L.Ed.2d 375 (2002); Tsoulas v. Liberty Life Assur. Co. of Boston, ___ F.3d ___, 2006 WL 1892248 (1st Cir. 2006); Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 517 (1st Cir. 2005).

The First Circuit Court of Appeals has consistently followed Firestone directing *de novo* review of benefit determinations unless the benefit plan grants discretionary authority to the administrator or fiduciary. *See,* Campbell v. BankBoston, N.A., 327 F.3d 1, 6-7 (1st Cir. 2003); Cook v. Liberty Life Assurance Co. of Boston, 320 F.3d 11, 18 (1st Cir. 2003); Brigham v. Sun Life of Canada, 317 F.3d 72,

**CIVIL NO. 04-1836 (RLA)**                                                                      **Page 4**

80 (1st Cir. 2003); Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998).

Thus, *de novo* review is the default standard unless the plan specifically allows for discretionary authority. Rush Prudential, 536 U.S. at 386, 122 S.Ct. at 2170, 153 L.Ed.2d at 402; Brigham, 317 F.3d at 80; Terry, 145 F.3d at 37; McLaughlin v. The Prudential Life Ins. Co. of America, 319 F.Supp.2d 115, 124 (D.Mass. 2004).

If the administrator or fiduciary is given discretion to determine eligibility of benefits or to construe the terms of the plan the "arbitrary and capricious" standard will be applied in which case coverage decisions will be reviewed with a degree of deference to the administrator. Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 13 (1st Cir. 2003); Lopes v. Metro. Life Ins. Co., 332 F.3d 1, 4 (1st Cir. 2003); Brigham, 317 F.3d at 81. *See also*, Buffonge, 426 F.3d at 28 (internal quotation marks and citation omitted) (Court "must defer to the claims administrator's benefits decision, disturbing it only if it was arbitrary, capricious, or an abuse of discretion.")

Where the discretionary grant is found, "Firestone and its progeny mandate a deferential arbitrary and capricious standard of judicial review." Recupero v. New England Tel. and Tel. Co., 118 F.3d 820, 827 (1st Cir. 1997) (internal quotations omitted); Pari-Fasano v. ITT Hartford Life and Accident Ins. Co., 230 F.3d 415, 418 (1st Cir. 2000); Terry, 145 F.3d at 37. "[F]actual determinations under ERISA plans are examined using the abuse of discretion standard

of review; federal courts owe due deference to the administrator's factual conclusions that reflect a reasonable and impartial judgment." <u>Vercher v. Alexander & Alexander, Inc.</u>, 379 F.3d 222, 231 (1st Cir. 2004) (citation and quotation marks omitted).

In this case the parties agree that our review of the Plan Administrator's decision will be guided by the arbitrary and capricious standard. "The operative inquiry under arbitrary, capricious or abuse of discretion review is whether the aggregate evidence, viewed in the light most favorable to the non-moving party, could support a rational determination that the plan administrator acted arbitrarily in denying the claim for benefits." <u>Wright v. R.R. Donnelley & Sons Co.</u>, 402 F.3d 67, 74 (2005) (citation and internal quotation marks omitted). On arbitrary and capricious review, [the administrator's] decision will be upheld if the denial is reasonable and supported by substantial evidence." <u>Glista v. Unum Life Ins. Co. of America</u>, 378 F.3d 113, 126 (1st Cir. 2004). "Evidence is substantial if it is reasonably sufficient to support a conclusion, and the existence of contrary evidence does not, in itself, make the administrator's decision arbitrary." <u>Gannon v. Metro. Life Ins. Co.</u>, 360 F.3d 211, 213 (1st Cir. 2004). "[T]he proper standard for reviewing the decision of an insurer that has such discretionary authority is the arbitrary and capricious standard, but... 'the reasonableness of the insurer's decision determines whether or not it constituted an abuse of the discretion vested in the insurer by the

**CIVIL NO. 04-1836 (RLA)**                                               **Page 6**

plan'". Dandurand v. Unum Life Ins. Co. of America, 284 F.3d 331, 335-6 (1st Cir. 2002) (citing Pari-Fasano, 230 F.3d at 418). *See also*, Lopes, 332 F.3d at 6; Cook, 320 F.3d at 19.

### FACTUAL BACKGROUND

Plaintiff Carmen Rolón Gómez, a female born on June 23, 1941, was an employee of Procter & Gamble in Puerto Rico where she was last employed as a Quality Assurance Coordinator. As a full time employee, plaintiff was participant of the Procter & Gamble Company Long Term Disability Plan (the "Plan"). The benefits applicable to plaintiff under the Plan are described in the Oil of Olay Long Term Disability Plan Summary Plan Description.

According to the Plan, LTD benefits are provided to a participant who becomes totally disabled for an extended period as a result of a covered occupational or non-occupational sickness or injury. In order to be considered "totally disabled" under the Plan, the participant must be unable to perform each duty of his/her occupation, and be under the regular care of a doctor. After the initial 12 months of LTD benefits payments, the participant must also be unable to engage in any gainful occupation for which he/she is reasonably fitted by education, training or experience. The Plan limits payment of benefits to 24 months when the disability is due to a mental disorder and the participant is not confined to a hospital or institution. This 24-month term may be reduced if the disability commenced after age 65.

**CIVIL NO. 04-1836 (RLA)** **Page 7**

Benefits under the Plan are paid so song as the participant remains "totally disabled" through the day before the participant reaches age 62.

The Plan confers upon the fiduciary "the discretion to construe and interpret the terms of the Plan and the authority and responsibility to make factual determinations."[3]

Plaintiff worked at Procter & Gamble until February 8, 2000. She requested LTD benefits for back pain and depression which were initially denied and subsequently upheld on appeal by Prudential via letters dated January 29, 2001 and September 19, 2001. Plaintiff requested yet a third appeal on November 26,2001 and supplied additional medical information from Dr. Jose Colón Dueño, a physiatrist, Dr. Miguel A. Cubano, a psychiatrist, and Dr. Jose R. Hernandez, a neurologist. Also, updated medical information from Dr. Cubano was provided on December 26, 2001 and a medical assessment as to plaintiff's residual functional capacity by Dr. José Colón Dueño was furnished on February 7, 2002.

This third appeal remained unresolved until the court remanded the claim to MetLife for processing in June 2005. Upon remand, plaintiff supplied defendant with the name and addresses of all her treating physicians. On August 22, 2005, MetLife referred the administrative file for review to a medical consultant team composed of: (1) Dr. Phillip Jordan Marion, Board Certified in Physical

---

[3] Summary Plan Description p.15 (docket No. 20).

Medicine and Rehabilitation, Board Certified in Pain Management and Associate Clinical Professor of George Washington University Medical Center, (2) Dr. Marcus J. Goldman, Board Certified by the America Board of Psychiatry and Neurology, and (3) Dr. Michael J. Kikta, Board Certified Vascular Surgeon, Board Certified General Surgeon and clinical Assistant Professor at the University of Illinois College of Medicine.

## THE EVIDENCE

According to Dr. Marion, "[f]rom a physical medicine and rehabilitation perspective, according to the medical records, the primary diagonose[s] are chronic pain syndrome, fibromyalgia, and low back pain."[4] Dr. Marion rejected the conclusion of plaintiff's attending neurologist that she could not engage in working activities based on his review of the objective radiological and electrodiagnostic studies. He further noted that "[t]here is no objective impairment available for review that would prevent her from performing the routine duties of her sedentary job".[5] In response to specific questions posed in MetLife's questionnaire, the physician concluded "there remains no objective impairment via neurologic examination, radiological evaluation, and electrodiagnostic evaluation to support any specific occupational restrictions. Based on the enclosed clinical information, [plaintiff] is functionally

---

[4] UCF p. 19.

[5] *Id.*

capable of performing at least at the medium work level and certainly capable of performing the routine and regular duties of her sedentary job as [Quality Assurance] Coordinator."[6]

Dr. Goldman reviewed plaintiff's medical records and noted as follows:

> [T]he information contained in this record, particularly the mental health information is cursory and poorly detailed... There is a notable lack of objective information. The psychiatric notes are cursory, poorly detailed and do not contain any adequate or sufficient formal mental status examinations. [Plaintiff] was seen with a frequency inconsistent with severity, debility or incapacity... It is also of interest that Dr. Due[ñ]o's notes do not reflect the sort of acuity and severity as detailed in Dr. Cubano's report of December 2001 in which he noted marked impairments in virtually all spheres. [P]laintiff was noted to be in no distress during serial visits with Dr. Due[ñ]o. It should also be noted that this individual apparently did not require treatment at more intense levels of care nor did she require aggressive psychopharmacological intervention or more frequent visits with a psychiatrist. It should additionally be noted that she was not seen by a psychotherapist and was seen with a

---

[6] *Id*. at 20.

**CIVIL NO. 04-1836 (RLA)**                                              **Page 10**

> frequency by Dr. Cubano inconsistent with psychiatric severity. There are also no measured cognitive data to substantiate any complaints of impaired concentration or memory. There is absolutely no data in this record indicating any global loss of functionality that is objective or corroborative. It should be further noted that there are no data in this record to indicate, as Dr. Cubano has indicated in his report of 12/20/01 that she was paranoid or psychotic or unable to carry out instructions. Given the lack of comprehensive data as well as the poor intensity as detailed above, psychiatric incapacity due to a major affective, anxiety or psychotic disorder cannot be established.

UCF p. 24.

Lastly, based upon his review of plaintiff's medical records which included a venous duplex and reflux test of the lower extremities and a thoracic outlet examination in a non invasive vascular lab, Dr. Kikta, board-certified vascular surgeon, opined that "[f]rom a vascular surgical standpoint, [plaintiff] does not carry a diagnosis causing a significant disability that would preclude her form working effective 02/08/00 and continuing."[7]

Based on the aforementioned, MetLife concluded that plaintiff's condition was not severe enough to prevent her from performing the

---

[7] UCF p. 31.

**CIVIL NO. 04-1836 (RLA)**                                                                 **Page 11**

duties of her previous occupation thereby finding her not totally disabled under the terms of the Plan and upholding the denial of benefits once again on appeal.

Plaintiff claims that defendant's determination must be rejected as arbitrary and capricious because it is purportedly not based on the medical evidence available in her record.

In support thereof, plaintiff argues that no efforts were made by MetLife on remand to contact her doctors to obtain an updated medical assessment. We find no merit in this argument. The review on remand was made based on the evidence that had been previously submitted by plaintiff which Prudential had failed to act upon. There is no indication in the record that additional information was warranted to make a determination on plaintiff's outstanding third appeal.

Additionally, plaintiff challenges Dr. Marion's conclusions alleging that they are based on his own interpretation of the medical evidence rather than on the progress notes of plaintiff's physiatrics and neurologist. However, we find that there is ample objective evidence in the record available to the consultant which supports his opinion.

Plaintiff further notes that Dr. Kikta opined that plaintiff had a fairly complete record of significant pain problems related to her coccydynia and low back conditions that may well cause significantly greater physical disability than any of her vascular conditions. We

**CIVIL NO. 04-1836 (RLA)**                                             **Page 12**

do not find that this isolated comment by a vascular surgeon is sufficient to undermine the conclusions of Dr. Marion contracted by defendant regarding plaintiff's back problems.

Our role under ERISA is "not which side we believe is right, but whether the insurer had substantial evidentiary grounds for a reasonable decision in its favor." Gannon, 360 F.3d at 216 (citation omitted). Further, the discretion to decide how much weight is to be afforded to any particular medical opinion or piece of evidence in the overall calculus lies with the claims administrator and not with the court. *Id*. at 214.

Based on the foregoing, we find that defendant's decision to deny plaintiff LTD benefits is reasonably supported by the record and not arbitrary or capricious.

**CONCLUSION**

Accordingly, MetLife's Motion for Judgment on the Administrative Record (docket No. **46**)[8] is **GRANTED** and the complaint filed in this case is hereby **DISMISSED**.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 8th day of August, 2006.

S/Raymond L. Acosta
RAYMOND L. ACOSTA
United States District Judge

---

[8] *See*, Plaintiff's Opposition (docket No. **50**).